[Cite as *State v. Smith*, 2019-Ohio-2574.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 107773 |
| HAROLD SMITH, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 27, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-627542-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Justin Washburne, Assistant Prosecuting Attorney, *for appellee.*

Thomas A. Rein, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Appellant Harold Smith appeals his convictions on multiple counts. Upon review, we affirm.

{¶ 2} Appellant was indicted under a multicount indictment with charges stemming from an incident that occurred on February 14, 2018, outside an

apartment building at 8302 Lake Avenue, Cleveland, Ohio. The state dismissed two counts, and the matter proceeded with a jury trial on four counts, including attempted murder, two counts of felonious assault, and domestic violence. All counts, except for the domestic violence, included a notice of prior conviction specification and a repeat violent offender specification that were bifurcated and determined by the judge.

{¶ 3} An eyewitness, who lived in the apartment building, testified that he heard an alarming yell and went to observe the street from his third-floor window. He saw a woman crossing the street collapse to the pavement and heard a male yelling at her to "come back" and "get the f*** up." The witness testified that the woman told the male that she could not walk and then went unconscious. The witness then observed the male drag the woman across the street between two parked cars where the woman dropped "like a potato sack." The witness also observed that the woman's car door was open and that there was a dog in the passenger side that ran into the apartment building. A recording of a 911 call made by the witness was played for the jury. The witness testified that the suspect fled, and he provided a description of the suspect's vehicle. The witness observed others come to the street to try to help the victim. The witness was able to provide a description of the suspect, whom he had previously seen coming and going from the apartment building. He also had previously observed the victim in the apartment building. Although the witness was never shown photographs of possible suspects,

at trial, the witness identified defendant as the assailant with "110 percent" certainty. Tr. 223:18.

{¶ 4} Another eyewitness testified to what she witnessed from the other side of the street. She testified that she heard a "blood-curdling scream" and saw the victim sitting on the yellow lines in the center of the street with a little dog running around her. She called 911 and provided a description of the clothing the victim and the suspect were wearing. She observed a white woman sitting in the street and an African-American male, who had a scruffy face, drag the woman across the street in front of a parked car. She saw the male go into the apartment building and come back out. She testified that he got into his car and fled. She provided a description of his vehicle. Although she was able to provide a description of the suspect, she testified that she was not confident she could identify him. Her 911 call was played to the jury.

{¶ 5} Video surveillance from the front entry of the apartment building depicted a scene consistent with the eyewitness testimony. The video also depicted appellant enter and exit the apartment building.

{¶ 6} A responding officer found the victim lying on the street and her dog running loose. The victim had a knife in her shoulder and was taken to the hospital and had surgery. The officer found the door to the victim and appellant's apartment was open.

{¶ 7} Testimony and evidence were presented as to the victim's injuries, which included two penetrating wounds. Photographic evidence was also

introduced.  The knife was recovered and identified at trial; however, it was not submitted for DNA testing.

{¶ 8}  A detective who investigated the case testified that she spoke with the victim and took her statement.  The victim completed paperwork for a protection order.  The detective also spoke to the eyewitnesses who testified at trial and obtained written statements.  As a result of the investigation, appellant was deemed a suspect.  Appellant was apprehended in Illinois and indicted on the charges.

{¶ 9}  The victim did not testify at trial.  Appellant stipulated to his prior felony convictions.

{¶ 10} The landlord of the apartment building testified that appellant and the victim were on the lease to an apartment unit in the apartment building.  The landlord filed a notice of eviction after the rent payment was not made for March 2018, and appellant subsequently recommended a new tenant for the apartment.

{¶ 11}  The jury returned a verdict of guilty on all four counts.  The trial court found appellant guilty of the notice of prior conviction and repeat violent offender specifications.  The court ordered a presentence investigation report.  The trial court sentenced appellant to an aggregate prison term of eight years, imposed five years of mandatory postrelease control, and waived costs.

{¶ 12}  Appellant timely filed this appeal.  He raises two assignments of error for our review.

{¶ 13} Under his first assignment of error, appellant claims there is insufficient evidence to sustain a conviction.  A claim of insufficient evidence raises

the question whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing a sufficiency challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 14} Appellant argues that the victim did not testify at trial. He also challenges the eyewitness testimony and points to deficiencies in the police investigation. Our review of the record reflects that both eyewitnesses were able to provide descriptions of the suspect, and one of them testified to previously having seen appellant in the apartment building and was able to identify appellant at court with "110 percent" certainty. The suspect was described as a well-built, hefty, African-American male over 50 years old, between 5'11" and 6'1", wearing a black jacket, red pants, and a hat. Although no witness saw the stabbing occur, both eyewitnesses heard the victim yell, observed the suspect drag her across the street, and saw the suspect drive away. The video surveillance depicted a male matching appellant's description exit the victim's car, the victim stagger out and collapse in the street with a knife in her shoulder, and the ensuing actions. The video also showed the male going into the apartment building, coming back out, and driving off in a Cadillac. The landlord of the apartment building confirmed that appellant and the victim were on the lease to an apartment unit, and the responding officer

found the door to their apartment open. Appellant was eventually apprehended in Illinois.

{¶ 15} This court has stated, "[e]ven where discrepancies exist, eyewitness identification testimony alone is sufficient to support a conviction so long as a reasonable juror could find the eyewitness testimony to be credible." *State v. Johnson*, 8th Dist. Cuyahoga No. 99822, 2014-Ohio-494, ¶ 52, citing *State v. Bryson*, 8th Dist. Cuyahoga No. 98298, 2013-Ohio-934. Here, in addition to the eyewitness testimony, other testimony and evidence were presented linking appellant to the crimes. After viewing the evidence in a light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt. Appellant's first assignment of error is overruled.

{¶ 16} Under his second assignment of error, appellant claims that his convictions are against the manifest weight of the evidence. When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins*, 78 Ohio St.3d at 387, 1997-Ohio-52, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶ 17} Appellant argues that the victim did not testify, that there is no DNA evidence linking appellant to the knife, that no identification procedures were utilized, and that the evidence simply does not support the jury's verdict. Having examined the entire record herein, we are unable to conclude appellant's convictions are against the manifest weight of the evidence. The state presented ample evidence upon which a jury could determine that appellant was the assailant, including eyewitness testimony, surveillance video, 911 recordings, and additional testimony and evidence linking appellant to the crimes. Our review of the record reflects that there was competent, credible evidence to support the jury's verdict, and we cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice that the convictions are against the manifest weight of the evidence. Accordingly, we overrule the second assigned error.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
**SEAN C. GALLAGHER, PRESIDING JUDGE**

**LARRY A. JONES, SR., J., and**
**EILEEN A. GALLAGHER, J., CONCUR**